MARGARET J. BARTINDALE, ADMINISTRATRIX, PLAIN-
TIFF, v. AETNA INSURANCE COMPANY ET AL., DE-
FENDANTS.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Arthur T. Vanderbilt.*

*Contra, McCarter & English.*

PER CURIAM.

This suit was originally instituted by Jack Bartindale,
the decedent of the present plaintiff, to recover from certain
insurance companies the loss sustained by him from the
burning of his residence and of the furniture and chattels
stored therein. Decedent's residence was located in Somer-
set county. He had bought it for a summer home and had
spent a large amount of money in improving the old building,
the furnishing of it, &c. The case has been twice tried. The
original trial resulted in a verdict in favor of Bartindale,
the jury awarding him $10,000 as the amount of the loss
resulting from the destruction of the dwelling house and
$5,000 for the destruction of its contents. A rule to show
cause why this verdict should not be set aside as inadequate
was granted, and upon the return thereof the rule was made
absolute and a new trial directed as to damages only. In the
meantime, Bartindale having died and his wife having been
appointed his administratrix, she was substituted as the
plaintiff in the cause. The case came up for a second trial
in due course, and the jury awarded a verdict in favor of

the plaintiff for $29,250, with interest, for the destruction of the dwelling house, and $9,375, with interest, for the destruction of its contents.

The only question submitted for our consideration on the hearing of the present rule is whether or not these awards are excessive. Our consideration of the testimony sent up with the rule leads us to the conclusion that they are.

If the present plaintiff will consent to a reduction of the verdict, so far as it relates to the destruction of the house, to $18,000, and, so far as it relates to the destruction of its contents, to $7,500, she may enter judgment for those amounts, together with interest thereon from the date of the filing of the claim with the defendant insurance companies. Otherwise the rule to show cause will be made absolute.